ANNA LOWENTRAUT ET AL., EXECUTORS, PLAINTIFFS IN
   ERROR, v. THOMAS W. JACKSON, DEFENDANT IN ER-
   ROR.

Argued July 5, 1911—Decided November 28, 1911.

1. The executor of a testator whose estate is insolvent is not re-
   lieved from the obligation to pay interest upon the claims of
   creditors. He must pay such a percentage of their claims, both
   principal and interest, as the funds in his hands will permit.
2. In determining the amount due from a debtor to his creditor the
   rule applicable to the collection of interest, where payments have
   been made from time to time by the debtor in excess of the
   interest which has accrued at the time when the payments were
   respectively made, is that the excess remaining after satisfying
   the interest shall be deducted from the principal.

On error to Essex Circuit Court.

For the plaintiffs in error, *Lafferty & Pilgrim.*

For the defendant in error, *W. Bradford Smith.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was the holder
of four promissory notes made by one Schaller, which fell due
between October 15th, 1901, and November 26th of that year.
The aggregate of the notes was $7,289.34. Upon two of these
notes, amounting together to $4,350.80, the plaintiff's testator,
Peter Lowentraut, was endorser, and was responsible to the
defendant for their payment, and before their maturity gave
the defendant a bond and mortgage for $10,000, bearing in-
terest at five per cent. to secure their payment, as well as the
payment of a $5,000 note held by the defendant, upon which
he was also an endorser. (This latter note was subsequently
paid by a prior endorser, and cuts no figure in the present liti-
gation.) About the time of the maturity of the notes Schaller,
their maker, died without having paid them, and left an estate
of doubtful solvency. The defendant proved his claim on the

four notes with the executor of Schaller, and from time to time received payments on account thereof as follows: November 18th, 1903, $2,573.08; May 4th, 1904, $1,366.77; August 24th, 1904, $508.06; March 18th, 1905, $1,239.69, and on June 28th, 1905, $729.23. No further payments were made to the defendant by the executor of Schaller up to January 15th, 1907. On that day the plaintiff's testator called upon the defendant for the purpose of discharging his liability upon the two notes which he had endorsed, and obtaining the surrender and cancellation of the mortgage which he had given as collateral security. He prepared a statement showing that the amount for which he was then liable by reason of his endorsements, after crediting the payments which had been made by the Schaller estate to the defendant, was the sum of $1,076.83. The defendant testified that he did not dispute the accuracy of this statement, and agreed to accept that sum in satisfaction of Lowentraut's liability as endorser, and to deliver up the mortgage to him, upon condition that if anything more was paid to the defendant by the Schaller estate it should belong to him. Lowentraut, by whom this suit was originally instituted and prosecuted to judgment, did not deny that the settlement was made upon the terms testified to by the defendant, and those terms must, therefore, be accepted as the agreement between the parties. A little more than two years after the date of this settlement, and on January 15th, 1907, the Schaller estate made a final payment of $875.08 to the defendant, and received from him a release from all further liability upon the notes.

The theory upon which the present suit was rested by Lowentraut is that the Schaller estate was insolvent to such an extent as to be able to pay only the principal sum of the several notes held by the defendant against it, and that, consequently, neither Lowentraut nor the defendant had any right to look to it for interest upon the notes. Assuming the correctness of this theory, Lowentraut then contended that at the time of the settlement between himself and the defendant, the whole of the latter's claim against the Schaller estate had been satisfied by the payments hereinbefore recited, except the sum

of $875; that the money paid by him at the settlement was an
overpayment to the extent of $201 which he was entitled to
recover back upon the ground of mistake; and that the moneys
afterward paid by the Schaller estate to the defendant were,
in law, paid to him for the use of Lowentraut. The trial was
had before the court without a jury, and resulted in a judg-
ment for the defendant. Subsequent to the entry of that judg-
ment Lowentraut died, and his death being suggested on the
record an order was thereupon entered authorizing all further
proceedings in the cause to be conducted in the names of his
executors, the present plaintiffs in error, who now seek to have
the judgment reversed.

We concur in the finding of the trial court. The trouble
with the plaintiffs' case is that it is based upon a theory which
is untenable. In the first place, there was no proof that the
estate of Schaller was insolvent; it was not settled as such,
under the statute, so far as the proofs show, and the assets re-
ceived by the executor were slightly in excess of the amount of
the claims as proved against the estate. For all that appears
to the contrary, the decedent may have left real estate which,
if sold, would have produced a sum sufficient, when added to
the funds distributed by the executor, to have satisfied all
creditors in full. In the second place, even if the estate had
been insolvent, that fact would not have relieved the executor
from the obligation to pay interest upon the claims of credi-
tors. He was bound to pay them such a percentage of their
claims, both principal and interest, as the funds in his hands
would permit. The payments made by him to the defendant
from time to time went in reduction of the latter's claim as it
existed at the time when they were made—that is, in reduc-
tion of the total principal and interest then due. In determin-
ing the amount due from a debtor to his creditor the rule ap-
plicable to the calculation of interest, where payments have
been made from time to time by the debtor in excess of the
interest which has accrued up to the date when they are respec-
tively made, is that the excess shall be deducted from the prin-
cipal. *Holcombe* v. *Holcombe,* 45 *Vroom* 257. A rough cal-
culation, made upon this basis, will show that, at the time

when Lowentraut made the $1,076.83 payment in exoneration of his liability upon the two notes on which he was endorser, the amount then due from the Schaller estate was in excess of $1,900. The Lowentraut payment, therefore, instead of more than satisfying the debt then due to the defendant from the Schaller estate, left that estate still in debt to him in the neighborhood of $900; and the final payment of $875.08 was not equal to the amount then due.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ. 13.

*For reversal*—None.